[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11665
Non-Argument Calendar
_____

D.C. Docket No. 1:98-cv-02659-CC

EDWARD L. REASE,

Plaintiff-Appellant,

versus

AT&T CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 14, 2018)

Before WILSON, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Edward Rease ("Plaintiff"), proceeding *pro se*, appeals the district court's denial of his motion for leave to file a motion to amend the judgment to correct either clerical mistakes or mistakes arising from oversight or omission.  After careful review, we affirm.

## I.     BACKGROUND

Plaintiff originally filed this employment-discrimination action in September 1998.  Plaintiff alleged that his former employer, AT&T Corporation ("AT&T"), discriminated against him when it failed to promote him to more than 100 positions for which he had applied.  He also alleged claims for retaliatory discharge.  The district court resolved most of the claims through summary judgment, and Plaintiff voluntarily dismissed others.  Ultimately, only four claims remained for trial.

On the first day of trial, Plaintiff informed the district court that he had not subpoenaed any witnesses.  The district court gave Plaintiff a two-day extension in which to subpoena witnesses.  Plaintiff failed to do so and, when the court reconvened, Plaintiff informed the court that, although he believed he had a meritorious case, he would not be able to present it without witnesses.

The district court construed Plaintiff's comments as a motion for voluntary dismissal and dismissed his remaining claims without prejudice.  Shortly thereafter, AT&T moved the district court to amend its dismissal without prejudice

2

to a dismissal with prejudice. In November 2002, the district court granted AT&T's motion. Plaintiff appealed that decision.

Meanwhile, in September 2002—before the district court amended its dismissal of Plaintiff's four remaining claims from one without prejudice to one with prejudice—Plaintiff filed another action against AT&T and two other defendants in which he brought many of the same claims he had previously brought in this lawsuit. The district court dismissed all claims asserted against AT&T in that second lawsuit, and Plaintiff never properly challenged that decision on appeal.[1]

In September 2003, we vacated the district court's November 2002 order dismissing with prejudice Plaintiff's four remaining claims in this case and remanded the case to the district court. On remand, the district court ordered Plaintiff to file a motion to place the case back on the court's trial docket. The district court further indicated that failure to file such a motion could "result in sanctions, including possible dismissal" of the action. Plaintiff filed the motion, and the district court placed the case back on the trial docket.

---

[1] Plaintiff filed a notice of appeal from the district court's order dismissing the claims he asserted against AT&T in his second lawsuit. However, because Plaintiff's claims against another defendant remained pending, we dismissed his appeal for lack of jurisdiction. After the district court disposed of all remaining claims in the case, Plaintiff filed a second notice of appeal, but he did not challenge the district court's dismissal of his claims against AT&T in that appeal.

The district court subsequently reopened discovery at AT&T's request. AT&T later filed a second motion for summary judgment on Plaintiff's four remaining claims. The district court granted that motion and, on October 3, 2005, the clerk entered judgment in favor of AT&T under Rule 58 of the Federal Rules of Civil Procedure. Plaintiff then filed an untimely motion for reconsideration, which the district court denied. Plaintiff then filed a notice of appeal.

In February 2007, we dismissed Plaintiff's appeal in part for lack of jurisdiction because his notice of appeal was untimely to appeal from the October 3, 2005, judgment. We later affirmed the district court's denial of Plaintiff's motion for reconsideration.

Plaintiff has since filed a motion for reconsideration, a motion to reopen the case, or both, in 2009, 2010, 2011, and 2013. The district court denied each motion. Plaintiff appealed three of those denials. We affirmed the denial of Plaintiff's 2009 motion and dismissed his later appeals as frivolous.

In 2014, Plaintiff changed his approach and filed his first motion to correct "clerical errors," in which he asked the district court, among other things, to vacate the October 3, 2005, judgment. The district court denied that motion. Plaintiff then filed a notice of appeal and a motion for reconsideration of that denial. The district court denied Plaintiff's motion for reconsideration and directed Plaintiff not

4

to file any additional motions or documents unless he first obtained leave of court to do so.

On appeal, AT&T filed a motion to dismiss Plaintiff's appeal as frivolous and asked us to restrict Plaintiff's filings in this Court. We granted AT&T's motion to dismiss the appeal as frivolous. Although we denied AT&T's request that we restrict Plaintiff's filings, we did so without prejudice to AT&T's ability to seek such relief in a later appeal if Plaintiff continued to file frivolous appeals, motions, or other filings in this Court.

In 2015, Plaintiff moved for leave to file a motion to amend the judgment to correct "clerical errors" so that his case would stand dismissed without prejudice. The district court denied that motion. Plaintiff sought leave to file a motion for reconsideration of that denial, which the district court also denied.

In February 2017, Plaintiff filed the instant motion for leave to file a motion to amend the judgment to correct either clerical mistakes or mistakes arising from oversight or omission. The district court denied that motion. Plaintiff now appeals that denial.

## II.    DISCUSSION

In the order on appeal, the district court denied Plaintiff's motion for leave to file a motion to amend the judgment to correct either clerical mistakes or mistakes arising from oversight or omission. Plaintiff was required to seek leave

5

to file his substantive motion because the district court previously entered an order directing him not to file any additional motions or documents in the case unless he first obtained leave of court to do so.  The district court imposed that requirement because Plaintiff had previously filed at least five post-judgment motions raising the same or similar arguments as to why he should be permitted to bring his claims in a new complaint.  The district court specifically invoked "the interests of judicial economy and the preservation of judicial resources."

We review for abuse of discretion the district court's decision to enforce its earlier filing restriction by denying Plaintiff leave to file yet another post-judgment motion.  *See, e.g.*, *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (*en banc*) (recognizing that federal courts "have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions" and that "[c]onsiderable discretion necessarily is reposed in the district court" when it fashions a filing restriction).

The district court did not abuse its discretion in denying Plaintiff leave to file his proposed motion to amend the judgment.  The arguments that Plaintiff sought to raise in his motion to amend are the same or similar to arguments that he has previously raised numerous times in these proceedings.  The district court has consistently rejected those arguments, and we have dismissed Plaintiff's three most recent appeals as frivolous.  Under these circumstances, the district court did not

6

abuse its discretion in denying Plaintiff leave to file yet another motion arguing that the dismissal of his four remaining claims with prejudice after the district court granted his motion to have the matter placed back on the trial docket was the result of a clerical error or mistakes arising from oversight or omission.

The gravamen of Plaintiff's argument was, and is, that upon our reversal of the district court's November 2002 order, in which the district court had amended the original without-prejudice dismissal to a dismissal with prejudice, his claims stood dismissed without prejudice and, therefore, the district court erred in reopening discovery and granting AT&T's second motion for summary judgment. The district court rejected this argument on the merits in 2014, and we dismissed Plaintiff's appeal from that decision as frivolous. We also warned Plaintiff that, if he continued to file frivolous and repetitious appeals, he would subject himself to sanctions, including restrictions placed on his filings in this Court.

AT&T now moves for the imposition of sanctions against Plaintiff specifically to prevent him from filing further appeals and motions in this Court. Because Plaintiff has continued to file frivolous and repetitious appeals, we grant AT&T's motion for sanctions.

## III.    CONCLUSION

For the reasons set forth above, we **AFFIRM** the district court's denial of Plaintiff's motion for leave to file a motion to amend the judgment to correct

7

clerical mistakes or mistakes arising from oversight or omission.  We **GRANT** AT&T's motion for sanctions and restrict Plaintiff's future filings as follows.  If Plaintiff files any further appeals in case no. 1:98-cv-02659, the clerk is **DIRECTED** to docket the filing, but Plaintiff must obtain this Court's permission to proceed.  Until and unless the Court grants such leave, the clerk shall not accept any further filings in the case, and all proceedings therein shall be **STAYED** pending further order of the Court.  Should the Court deny leave to proceed, the clerk shall close the file and accept no further filings therein.